UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **MELVIN TALLEY, JR.** § | CIVIL NO. _____ |
| **AND MARY TALLEY** § | |
| *PLAINTIFFS* § | |
| § | |
| **V.** § | HONORABLE JUDGE_____ |
| § | |
| **TEXAS FARMERS** § | |
| **INSURANCE COMPANY** § | |
| *DEFENDANT* § | MAGISTRATE JUDGE_____ |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, MELVIN TALLEY JR. and MARY TALLEY, by and through counsel, for their Complaint against Defendant, TEXAS FARMERS INSURANCE COMPANY, wherein Plaintiffs state as follows:

NATURE OF THE ACTION

1. This is a civil complaint by Melvin F. Talley Jr. and Mary Talley (hereinafter referred to as "Plaintiffs") against their insurer, Texas Farmers Insurance Company (hereinafter referred o as "FARMERS") to enforce their rights under a flood insurance policy issued by FARMERS.

2. On September 13, 2008, Hurricane Ike caused flood damage and loss to Plaintiffs' residence in Seabrook, Texas. Plaintiffs have submitted an insurance claim but FARMERS has refused to pay Plaintiffs' claim.

1

## THE PARTIES

3. Plaintiffs, Melvin Talley and Mary Talley, are individuals who reside at 1749 Hialeah Drive, Seabrook, Texas 77586 and who are citizens of the State of Texas.

4. FARMERS is an insurance company incorporated under the laws of the State of Texas with its principal place of business in Austin, Texas. FARMERS is engaged in the practice of insurance in the State of Texas. FARMERS may be served with process by certified mail, return receipt requested, through its Texas Department of Insurance attorney for service, Chris Granger, 15700 Long Vista Drive, Austin, Texas 78728-3822. **Issuance of summons is requested at this time**.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the claims in this action as they arise pursuant to a claim under a Standard Flood Insurance Policy ("SFIP"). Any claims under a SFIP are governed solely by federal law pursuant to Article IX of the SFIP[1]. Therefore, Plaintiff asserts that there is federal question jurisdiction pursuant to *28 U.S.C. § 1331* as this matter requires interpretation of, and the resolution of the case is dependent upon, interpretation and application of federal laws, rules and regulations including the SFIP, itself codified and found at 44

---

[1] *See* 44 C.F.R. Pt. 61, App. A(1), Art. IX.

C.F.R. Pt. 61, App. A(1), and the Appropriations, Supremacy and Commerce Clauses of the U.S. Constitution. Furthermore, jurisdiction exists pursuant to the grant of "original exclusive" jurisdiction found in *42 U.S.C. § 4072* as it involves a breach of contract claim under a SFIP.

6. As more fully explained below, the action involves a contract to insure Plaintiff's property located in the city of Seabrook in Harris County, Texas against flood damage. The contract for flood insurance was made in Seabrook, Texas, was to be performed there, involves property located there, and all of the events or omissions giving rise to the claims asserted in this complaint arose there so that venue for this action lies in this court under Art. VII.R of 44 C.F.R. Pt. 61, App. A(1) and under Section VII, Subsection R of the Standard Flood Insurance Policy issued by the Federal Emergency Management Association through its National Flood Insurance Program. The federal courts have exclusive jurisdiction over causes of action arising under the National Flood Insurance Program[2].

## FACTS

7. FARMERS issued Flood Insurance Policy #87041605992008 (hereinafter referred to as the "Farmers Policy"), with a term of March 7, 2008 to March 7, 2009 to Plaintiffs. The Farmers Policy provides one hundred forty-five thousand dollars [$145,000.00] in building coverage and eighty thousand dollars

---

[2] *See* Art. VII.R of 44 C.F.R. Pt. 61, App. A(1).

[$80,000.00] in contents coverage, a total policy limit of two hundred twenty-five thousand dollars [$225,000.00] with a combined deductible of one thousand dollars [$1,000.00].

8. The Gross Annual Premium for the Farmers Policy was one thousand forty-eight dollars [$1,048.00]. Plaintiffs timely paid the premium for the Farmers Policy.

9. The Farmers Policy insures the property located at 1749 Hialeah Drive, Seabrook, Texas 77586. Plaintiffs are the named insured on the Farmers Policy.

10. On September 13, 2008, while the Farmers Policy was in full force and effect, Hurricane Ike caused flood damage to the insured property.

11. As a result of the flooding during Hurricane Ike, the insured property, including the building and contents owned by Plaintiffs, was damaged or destroyed. The flood damage to the insured property is a covered loss under the Farmers Policy.

12. Plaintiffs reported the losses and damages to FARMERS in a timely fashion and properly discharged the reporting obligations under the Policy.

13. On October 29, 2008, a Proof of Loss was completed by FARMERS' Adjuster Frank Fix. Frank Fix determined the Actual Cash Value of the building damage to be thirty-nine thousand seven hundred twenty-six dollars and one cent

[$39,726.01] and fourteen thousand six hundred eighty-four dollars and eighty-four cents [$14,684.84] for the contents damage.

14. On November 24, 2008, FARMERS advanced Plaintiffs ten thousand dollars [$10,000.00] against the payment for the building flood loss and seven thousand dollars [$7,000.00] against the payment for the contents flood loss.

15. On March 5, 2009, over four months after the FARMERS adjuster had submitted his estimate of damage, FARMERS provided the net undisputed building payment of twenty-nine thousand two hundred twenty-six dollars and one cent [$29,226.01] ($39,726.01 minus $10,000.00 advance payment and $500.00 deductible) and net contents payment of seven thousand one hundred forty-eight dollars and eighty-four cents [$7,148.84] ($14,648.84 minus $7,000.00 advance payment and $500.00 deductible).

16. On February 11, 2009, before receiving the FARMERS undisputed payment, Plaintiffs made a demand for payment under the Farmers Policy of one hundred seventy-four thousand nine hundred thirty-nine dollars and seventy-four cents [$174,939.74], representing ninety-four thousand nine hundred thirty-nine dollars and seventy-four cents [$94,939.74] in building flood damage and eighty thousand dollars [$80,000.00] in contents flood damage. Plaintiffs submitted additional documentation to support the demand for payment including a professional estimate of damage, an inventory of damaged contents, pictorial documentation of

the damage and supporting documentation for the contents pricing. Plaintiffs also submitted a revised proof of loss including the new estimates of damage.[3]

17. Since Plaintiffs' supplemental demand, Plaintiffs have provided FARMERS access to the insured residence, have provided all requested and available information to FARMERS that are available, have submitted a revised proof of loss, and have otherwise properly discharged the obligation to cooperate with FARMERS in its investigation and adjustment of the flood damages sustained by Plaintiffs.

18. Plaintiffs and FARMERS have agreed on the areas of the insured property that the flood from Hurricane Ike damaged; however, Plaintiffs and FARMERS have not agreed on the value of loss in each of the flood damaged areas. As a result, on March 11, 2009, Plaintiff demanded an appraisal pursuant to 44 C.F.R. Pt. 61 App. A (1) Art. VII. P of the SFIP.[4]

19. On March 26, 2009, FARMERS denied Plaintiffs' request for appraisal.[5]

20. Representatives of Plaintiffs and FARMERS have discussed the claim and attempted to reach a resolution. To date, however, FARMERS has refused to pay the full value of the losses incurred by Plaintiffs and FARMERS has continued to refuse to proceed to appraisal on Plaintiffs' claim.

---

[3] *See* Plaintiff's Exhibit A, "Proof of Loss."
[4] *See* Plaintiff's Exhibit B, "Plaintiff's Demand for Appraisal."
[5] *See* Plaintiff's Exhibit C, "FARMERS' Denial of Appraisal."

## COUNTS I, II & III – BREACH OF CONTRACT

21.    Plaintiffs reassert and incorporate by reference each of the allegations contained in the foregoing paragraphs.

22.    Plaintiffs and FARMERS entered into a valid binding contract for flood insurance. FARMERS agreed to pay Plaintiffs up to one hundred forty-five thousand dollars [$145,000.00] for the structure of Plaintiffs' property and up to eighty thousand [$80,000.00] for contents for damages caused by flooding. Plaintiffs agreed to and did pay a premium in consideration for the insurance contract.

23.    Plaintiffs have performed all conditions precedent under the Farmers Policy, including submitted a revised, signed and notarized Proof of Loss.[6]

24.    FARMERS breached its contract with Plaintiffs when FARMERS failed to properly adjust and pay Plaintiffs for the full amount of flood damage to the structure and contents of their home. (Count I) FARMERS further breached its contract for insurance by failing to pay replacement cost value on the undisputed portions of the claim, even though Plaintiffs' claim was on their primary residence and was insured at eighty percent (80%) of the value of the residence.[7] (Count II)

---

[6] *See* Plaintiff's Exhibit A, "Proof of Loss."
[7] *See* Plaintiff's Exhibit B, "Plaintiff's Demand for Appraisal."

Additionally, FARMERS breached its contract with Plaintiffs by failing to proceed to appraisal after Plaintiffs' timely demand of such.[8] (Count III)

25. Plaintiffs' breach of contract claim is expressly authorized by *42 U.S.C. § 4053* and/or *42 U.S.C. § 4072*.

26. Plaintiffs are entitled to damages, which will compensate for the flood losses at replacement cost value, as provided for by the Farmers Policy, and for all incidental and consequential damages which Plaintiffs have suffered.

## COUNT II – PETITION TO COMPEL APPRAISAL

27. Plaintiffs reassert and incorporate by reference each of the allegations contained in the foregoing paragraphs.

28. On March 11, 2009, Plaintiffs sent FARMERS a demand for appraisal pursuant to the SFIP provisions at Art. VII.P of 44 C.F.R. Pt. 61, App. A(1)[9].

29. On March 26, 2009, FARMERS denied Plaintiffs' demand for appraisal. FARMERS claimed that appraisal was not appropriate because there was not an agreed scope of damage on Plaintiffs' claim.[10] However, both FARMERS and Plaintiffs agree on each room and exterior portion of the insured property that sustained flood damage, thus both parties do agree on the scope of flood damage. Appraisal is appropriate to resolve disputes, such as Plaintiffs' dispute, involving the amount of loss to each flood damaged portion of the insured property.

---

[8] *See* Art. VII.P of 44 C.F.R. Pt. 61, App. A(1)
[9] *See* Plaintiff's Exhibit B "Plaintiff's Demand for Appraisal"
[10] *See* Plaintiff's Exhibit C "FARMERS' Denial of Appraisal"

30. To date, FARMERS has refused to pay any additional amount, engage in the appraisal process, and/or otherwise comply with the SFIP's provision for appraisal. Plaintiffs request this Court's assistance in compelling FARMERS to comply with the SFIP's appraisal provision. Additionally, Plaintiffs have been required to retain counsel to compel FARMERS to proceed with appraisal and should therefore be compensated for the attorneys fees incurred as a result of compelling appraisal.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon judgment hereof, Plaintiff has and recovers against Defendant TEXAS FARMERS INSURANCE COMPANY sums for breach of contract, as Plaintiff is entitled to regain the benefit of their bargain, which is the amount of the claim. In addition, Plaintiff requests this Court compel Defendant TEXAS FARMERS INSURANCE COMPANY to immediately proceed to appraisal as described above. Plaintiff further requests the award of reasonable attorney's fees as allowed by law, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law and for any other and further relief, either at law or in equity, to which they may show themselves to be justly entitled.

Dated: February 19, 2010

Respectfully submitted,

**By** /s/ *Cliff Wilkerson*
Cliff Wilkerson
Arguello, Hope & Associates
2313 Strand
Galveston, Texas 77550
Louisiana Bar Roll Number: 30977
Phone: (409) 497-4574
Fax: (409) 974-4377

**COUNSEL FOR PLAINTIFFS
MELVIN TALLEY, JR. AND MARY TALLEY**

## CERTIFICATE OF SERVICE OF PROCESS

Plaintiff certifies that service of process of the instant complaint and summons has been made by U.S. certified mail, return receipt to the following agent for service of process upon Texas Farmers Insurance Company:

Chris Granger
Texas Department of Insurance
15700 Long Vista Drive
Austin, Texas 78728-3822

AGENT FOR SERVICE OF PROCESS UPON TEXAS FARMERS INSURANCE COMPANY

/s/ *Cliff Wilkerson*
Cliff Wilkerson
Attorney for the Plaintiff