IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELVIN TALLEY, JR. and | § | |
| MARY TALLEY, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-0530 |
| | § | |
| TEXAS FARMERS INSURANCE | § | |
| COMPANY, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Stay Proceedings and Compel

Appraisal ("Motion") [Doc. # 13] filed by Plaintiffs Melvin and Mary Talley, to which

Defendant Texas Farmers Insurance Company ("Farmers") filed a Response [Doc. #

14].  Plaintiffs neither filed a reply nor requested additional time to do so.  Having

reviewed the full record and applied governing legal authorities, the Court **denies** the

Motion.

## I.    BACKGROUND

Farmers issued a Flood Insurance Policy ("Policy") to Plaintiffs to cover their

property against flood damage.   The Policy provided $145,000.00 in building

coverage and $80,000.00 in contents coverage, with a combined deductible of

$1,000.00.  The Policy was in effect on September 13, 2008, when Hurricane Ike caused flood damage to Plaintiff's property.

Plaintiffs reported the loss to Farmers, and adjuster Frank Fix investigated the claim on behalf of Farmers.  Fix determined the value of flood damage to the building to be $39,726.01, and the value of contents damage to be $14,684.84.

Plaintiffs, before filing this lawsuit and in the Complaint, seek an appraisal in accordance with the terms of the Policy and federal regulations.  Plaintiffs now ask the Court to stay all discovery and other proceedings and to compel the appraisal.  Farmers opposes the Motion, which is ripe for decision.

## II.  <u>ANALYSIS</u>

In 1968, Congress established the National Flood Insurance Program to provide flood insurance to individuals in flood prone areas at reasonable rates.  The terms and conditions of all federal flood insurance policies, including the Policy in this case, are fixed by federal regulation.  Flood insurance policies must comply with the Standard Flood Insurance Policy, and the policy provisions cannot be altered, varied, or waived without the express written consent of the Federal Insurance Administrator.  *See* 44 C.F.R. §§ 61.4(b), 61.13(d); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

One of the provisions required in a federal flood policy is an appraisal clause that allows either party to demand an appraisal if they "fail to agree on the actual cash

value or, if applicable, replacement cost" of the alleged property damage.  *See* 44 C.F.R. § 61, App. A(1), Art. VII(P).  Plaintiffs note correctly that the appraisal clause allows a party to demand an appraisal when the parties' dispute is limited to the "actual cash value" or "replacement cost" of insured property or contents.  Plaintiffs admit that a dispute over what property was actually damaged or what caused the damage "falls outside the appraisal clause."  *See* Memorandum in Support of Motion [Doc. # 13-1], p. 5.

In this case, Farmers asserts that Plaintiffs originally identified structural elements and contents that they allege were damaged by flooding during Hurricane Ike.  Farmers' adjuster determined that some damage to the structure and contents was not flood related.  For example, Plaintiffs seek replacement of ceiling fixtures and smoke detectors that Farmers maintains could not have been damaged by flood waters. Additionally, Farmers notes that Plaintiffs filed a supplemental claim for flood damage to contents, listing items that were not previously listed, were not shown to the adjuster during the claim process, and were either not covered generally or were located well above the flood line.  As a result, Farmers disputes whether much of the damage to the structure and its contents was caused by flooding such that the damage is covered by the Policy.  As conceded by Plaintiffs, such a dispute falls outside the appraisal clause.  Plaintiffs' request to stay discovery and other proceedings and

compel an appraisal at this stage is premature and not supported by the appraisal clause.

## III.    CONCLUSION AND ORDER

The parties in this case dispute more than the mere value of property damaged by flooding during Hurricane Ike.  As a result, Plaintiffs' Motion is premature and must be denied.  Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion to Stay Proceedings and Compel Appraisal [Doc. # 13] is **DENIED** without prejudice.

SIGNED at Houston, Texas, this **9**th day of **September, 2010**.

Nancy F. Atlas
United States District Judge